# EXHIBIT B
# Complaint

DISTRICT COURT COUNTY OF NASSAU
FIRST DISTRICT, CIVIL PART
-----------------------------------------------------------X
Jarrett R. Jenkins,

                Plaintiff,                 **COMPLAINT**   CV-012835-25

    -against- 

Trans Union (of Delaware), LLC.,              **FORMAL PLEADINGS**

                Defendant,
-----------------------------------------------------------X

Comes now, the Plaintiff, Jarrett R. Jenkins respectfully submits and alleges as follows:

## PARTIES

1. Plaintiff, Jarrett R. Jenkins is a natural person who resides at 334 Locust Street, Apt. 1, West Hempstead, NY 11552.

2. Defendant, Trans Union (of Delaware), LLC (hereinafter "TransUnion") is a Delaware business entity who is authorized to do business in the State of New York with its principal place of business at 555 West Adams Street, Chicago, IL 60661.

3. Upon information and belief, Defendant operated on its' own behalf at all times relevant to this complaint.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681p, which provides for concurrent jurisdiction in state courts, and under CPLR §§ 301 and 302, because the Defendant transacts business within the State of New York and the conduct complained of occurred in Nassau County, New York.

5. Venue is proper in this district because the cause of action arouse in Nassau County which is located in the Eastern District Of New York.

6. Defendant TransUnion is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and furnishes consumer reports to third parties; as such it is governed under the law by the FCRA.

## GENERAL ALLEGATIONS

7. Upon information and belief, Defendant Transunion failed to maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. § 1681b, as required by 15 U.S.C. § 1681e(a). Its system for furnishing reports to subscribers like Dedicated Financial GBC, is automated and designed to approve inquiries without meaningfully verifying that a permissible purpose exists for each specific transaction.

8. Plaintiff obtained his TransUnion consumer credit report from Defendant on or about March 27, 2025.

9. Plaintiff found after examining his TransUnion consumer credit report that on July 11, 2023, Defendant had furnished his report to a third party, Dedicated Financial GBC ("Dedicated").

10. Discovery of the violation brought forth herein occurred on March 27, 2025, and is within the statute of limitations as defined in the FCRA, 15 U.S.C. §1681p.

## FIRST CAUSE OF ACTION: 15 U.S.C.§1681e(a)
## FAILURE TO MAINTAIN REASONABLE PROCEDURES

11. Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

13. Defendant TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

14. The report Defendant furnished is a "consumer report" within the meaning of the FCRA, 15 U.S.C. §1681a(d).

15. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a

consumer credit report.

16. Plaintiff has never had any business relationship, dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bonafide offer of credit from the third party, Dedicated. Accordingly, Dedicated lacked a permissible purpose to obtain Plaintiff's consumer report.

17. Defendant TransUnion had a statutory duty under 15 U.S.C. § 1681e(a) to maintain reasonable procedures to prevent the furnishing of reports to persons, like Dedicated, who lacked a permissible purpose.

18. Defendant breached its duty under 15 U.S.C. § 1681e(a). As a direct result of Defendant's procedural failures, it furnished Plaintiff's consumer report to Dedicated on July 11, 2023, an entity that lacked a permissible purpose.

19. Defendant TransUnion, a sophisticated entity regularly engaged in the business of compiling and selling consumer data, knew or was reckless in not knowing its statutory duties. Its failure to maintain reasonable procedures to verify the permissible purpose for each inquiry constitutes a willful violation of the FCRA.

20. Defendant's conduct was willful as defined in *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007). Defendant's failure to maintain reasonable procedures was, at minimum, a reckless disregard of its obligations under the FCRA.

21. The unauthorized furnishing of Plaintiff's consumer report constitutes a statutory invasion of privacy and a concrete injury in fact, consistent with *Spokeo, Inc. v. Robins* and *TransUnion LLC v. Ramirez*.

22. As a result of Defendant TransUnion's willful and/or negligent practice of violating The Fair Credit Reporting Act, Defendant is liable under 15 U.S.C. §1681n for actual, statutory, and punitive

damages.

23. As a direct and proximate result of Defendant's willful and/or negligent actions, Plaintiff has suffered actual damages, including but not limited to:

    a. Loss of time and productivity, including hours spent investigating the unauthorized access and researching remedies available under law;

    b. Tangible out-of-pocket costs, including ink, paper, and a pro-rata portion of internet service and cloud storage fees used to conduct research, maintain case files and prepare court filings and;

    c. Loss of peace of mind and emotional distress, including anxiety, humiliation, and frustration stemming from the invasion of privacy and from the fear of how the Defendant may have used or disclosed Plaintiff's personal information;

    d. Continuing stress and disruption caused by the need to prosecute this lawsuit and defend against Defendant's improper conduct;

    e. Electricity consumed in powering Plaintiff's laptop, printer, monitors and related equipment necessary to investigating and addressing Defendant's unauthorized pull, including gathering records, researching remedies and preparing complaints prior to filing this action; and

    f. Other consequential harms reasonably and foreseeably flowing from Defendant's impermissible access, including the ongoing diversion of Plaintiff's personal time, energy, and household resources away from ordinary daily activities toward litigation-related tasks, and the cumulative toll of being forced to monitor, prepare and appear in court solely because of Defendant's unlawful conduct.

24. These actual damages are in addition to statutory damages to which Plaintiff is entitled to under The Fair Credit Reporting Act 15 U.S.C. §1681n and/or §1681o.

**WHEREFORE**, Plaintiff, Jarrett R. Jenkins prays that the Court enter an order against the Defendant,

Trans Union (of Delaware), LLC that:

1. Declares' that the Defendant's conduct violated the FCRA;

2. Awards statutory damages of $1,000.00 as listed under the FCRA, pursuant to 15 U.S.C. §1681n (a)(1)(A) or in the alternative for negligent conduct pursuant to 15 U.S.C. §1681o,

3. If the Court allows, award punitive damages as provided under the FCRA, pursuant to 15 U.S.C. §1681n (a)(2),

4. Award any attorney's fees and costs pursuant to 15 U.S.C. §1681n (a) (3),

5. Other damages as allowed by the court.

Respectfully Submitted,

October 8, 2025

*[signature]*
Jarrett R. Jenkins, Plaintiff
334 Locust Street, Apt. 1
West Hempstead, NY 11552
516-688-0078
jrobertjenkins@gmail.com

## VERIFICATION

Jarrett R. Jenkins, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Second Amended Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Jarrett R. Jenkins, Plaintiff

Sworn to before me this
_08_ day of _OCTOBER_, 2025
_____
Notary Public

YADAV HASTIR
Notary Public of New York
Registration # 01HA0012317
Qualified in Nassau County
My Commission Expires 08/21/2027