

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS

10333 N. Meridian Street, Suite 200
Indianapolis, IN 46290

CAMILLE NICODEMUS
cnicodemus@qslwm.com

DIRECT: (317) 497-5600, Ext. 601
FAX:  (317) 899-9348

November 14, 2025

**BY: ECF FILING**

Honorable Judge Natasha C. Merle
225 Cadman Plaza East
Courtroom 2F North
Brooklyn, NY 11201

    *Re:*    ***Jarrett Jenkins v. Trans Union LLC***
           U.S. District Court for the Eastern District of New York
           Case No. 2:25-cv-06226-NCM-ST

Dear Judge Merle:

      Pursuant to Your Honor's Individual Rules of Practice, Defendant Trans Union LLC ("Trans Union"), respectfully requests a pre-motion conference on its proposed Motion to Dismiss Plaintiff's Complaint or leave to file a Motion To Dismiss Plaintiff Jarrett Jenkins's ("Plaintiff's") Complaint – in this 4th lawsuit he has filed against Trans Union alleging claims under the Fair Credit Reporting Act ("FCRA") – for failure to state a claim as a matter of law.

## I.    INTRODUCTION

      Plaintiff alleges that the entity Dedicated Financial GBC purportedly obtained his credit report without a permissible purpose under the FCRA but has not sued Dedicated. Plaintiff contends instead that Trans Union violated the FCRA by failing to maintain reasonable procedures for disseminating consumer reports for a permissible purpose pursuant to 15 U.S.C. § 1681e(a).

## II.    LEGAL ARGUMENT

**<u>The FCRA permits Trans Union to furnish a credit report to any entity that it reasonably believes has a permissible purpose and the Complaint fails to allege that Trans Union did not.</u>**

      The FCRA outlines the permissible purposes for which an entity may request and obtain a consumer's credit file from Trans Union, including: (1) in connection with "a credit transaction involving the consumer on whom the information is to be furnished and involving the extension

Honorable Judge Merlc
November 14, 2025
Page 2

of credit to, or review or collection of an account of, the consumer;" (2) "for employment purposes;" (3) for "the underwriting of insurance involving the consumer;" (4) "in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law;" (5) as "a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or repayment risks associated with, an existing credit obligation;" or (6) more generally "in connection with a business transaction that is initiated by the consumer" or "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(A-F).

Trans Union cannot be liable under the FCRA for furnishing a consumer report to an entity it "has reason to believe" will use the information for one of the several permissible purposes. *Baker v. Bronx-Westchester Investigations, Inc.*, 850 F. Supp. 260, 262 (S.D.N.Y. 1994) (citing to FCRA §1681b). *See, also Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011) ("the statute expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer'"); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010); (CRA may furnish where it has reason to believe the entity has a statutorily-provided permissible purpose); *Duncan v. Handmaker*, 149 F.3d 424 (6th Cir. 1998) (same); *Watson v. Ciconte, Wasserman, Scerba & Kerrick LLC*, 2015 WL 4967058, *3 (D. Del. Aug. 19, 2015) (holding "Section 1681 permits a consumer reporting agency to furnish a consumer report to a person which it has reason to believe 'intends to use the information in connection with a credit transaction involving the consumer on whom the information to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer'").

### III.   REQUEST FOR BRIEFING SCHEDULE

Trans Union anticipates that the above arguments will be made with supporting authority in its proposed Motion to Dismiss Plaintiff's Complaint as well as any additional viable defenses apparent from the Complaint allegations.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
 WINSLETT & MOSER, P.C.

Camille R. Nicodemus

CRN/mp