**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)**

---

JARRETT R. JENKINS,
Plaintiff,

vs.

TRANS UNION (OF DELAWARE), LLC,
Defendant.

CASE NO. 2:25-cv-06226-NCM-ST

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES**

---

Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

## PARTIES

1. Plaintiff, Jarrett R. Jenkins is a natural person who resides at 334 Locust Street, Apt. 1, West Hempstead, NY 11552.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

2. Defendant, Trans Union (of Delaware), LLC (hereinafter "TransUnion") is a Delaware business entity who is authorized to do business in the State of New York with its principal place of business at 555 West Adams Street, Chicago, IL 60661.

**ANSWER**: Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

3. Upon information and belief, Defendant operated on its' own behalf at all times relevant to this complaint.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681p, which provides for concurrent jurisdiction in state courts, and under CPLR §§ 301 and 302, because the Defendant transacts business within the State of New York and the conduct complained of occurred in Nassau County, New York.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Venue is proper in this district because the cause of action arouse in Nassau County which is located in the Eastern District of New York.

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Defendant TransUnion is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and furnishes consumer reports to third parties; as such it is governed under the law by the FCRA.

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them..

**GENERAL ALLEGATIONS**

7. Upon information and belief, Defendant Transunion failed to maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. §

1681b, as required by 15 U.S.C. § 1681e(a). Its system for furnishing reports to subscribers like Dedicated Financial GBC, is automated and designed to approve inquiries without meaningfully verifying that a permissible purpose exists for each specific transaction.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

8. Plaintiff obtained his TransUnion consumer credit report from Defendant on or about March 27, 2025.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9. Plaintiff found after examining his TransUnion consumer credit report that on July 11, 2023, Defendant had furnished his report to a third party, Dedicated Financial GBC ("Dedicated").

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10. Discovery of the violation brought forth herein occurred on March 27, 2025, and is within the statute of limitations as defined in the FCRA, 15 U.S.C. §1681p.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

**FIRST CAUSE OF ACTION: 15 U.S.C.O681e(a)**

**FAILURE TO MAINTAIN REASONABLE PROCEDURES**

11. Paragraphs 1 through 10 are re-alleged as though fully set forth herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

12. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13. Defendant TransUnion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

14. The report Defendant furnished is a "consumer report" within the meaning of the FCRA, 15 U.S.C. §1681a(d).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

15. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

**ANSWER**: Trans Union states that the cited provision of the FCRA speaks for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

16. Plaintiff has never had any business relationship, dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bonafide offer of credit from the third party, Dedicated. Accordingly, Dedicated lacked a permissible purpose to obtain Plaintiff's consumer report.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

17. Defendant TransUnion had a statutory duty under 15 U.S.C. § 1681e(a) to maintain reasonable procedures to prevent the furnishing of reports to persons, like Dedicated, who lacked a permissible purpose.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

18. Defendant breached its duty under 15 U.S.C. § 1681e(a). As a direct result of Defendant's procedural failures, it furnished Plaintiff's consumer report to Dedicated on July 11, 2023, an entity that lacked a permissible purpose.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

19. Defendant TransUnion, a sophisticated entity regularly engaged in the business of compiling and selling consumer data, knew or was reckless in not knowing its statutory duties. Its failure to maintain reasonable procedures to verify the permissible purpose for each inquiry constitutes a willful violation of the FCRA.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

20. Defendant's conduct was willful as defined in Safeco Ins. Co. of America v. Burr, 551 U.S. 47 (2007). Defendant's failure to maintain reasonable procedures was, at minimum, a reckless disregard of its obligations under the FCRA.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

21. The unauthorized furnishing of Plaintiff's consumer report constitutes a statutory invasion of privacy and a concrete injury in fact, consistent with Spokeo, Inc. v. Robins and TransUnion LLC v. Ramirez.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

22. As a result of Defendant TransUnion's willful and/or negligent practice of violating The Fair Credit Reporting Act, Defendant is liable under 15 U.S.C. §1681n for actual, statutory, and punitive damages.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

23. As a direct and proximate result of Defendant's willful and/or negligent actions, Plaintiff has suffered actual damages, including but not limited to:

a. Loss of time and productivity, including hours spent investigating the unauthorized access and researching remedies available under law;

b. Tangible out-of-pocket costs, including ink, paper, and a pro-rata portion of internet service and cloud storage fees used to conduct research, maintain case files and prepare court filings and;

c. Loss of peace of mind and emotional distress, including anxiety; humiliation, and frustration stemming from the invasion of privacy and from the fear of how the Defendant may have used or disclosed Plaintiff's personal information;

d. Continuing stress and disruption caused by the need to prosecute this lawsuit and defend against Defendant's improper conduct;

e. Electricity consumed in powering Plaintiff's laptop, printer, monitors and related equipment necessary to investigating and addressing Defendant's

unauthorized pull, including gathering records, researching remedies and preparing complaints prior to filing this action; and

f. Other consequential harms reasonably and foreseeably flowing from Defendant's impermissible access, including the ongoing diversion of Plaintiffs personal time, energy, and household resources away from ordinary daily activities toward litigation-related tasks, and the cumulative toll of being forced to monitor, prepare and appear in court solely because of Defendant's unlawful conduct.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

24. These actual damages are in addition to statutory damages to which Plaintiff is entitled to under The Fair Credit Reporting Act 15 U.S.C. §1681n and/or §1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff, Jarrett R. Jenkins prays that the Court enter an order against the Defendant, Trans Union (of Delaware), LLC that:

1. Declares' that the Defendant's conduct violated the FCRA;
2. Awards statutory damages of $1,000.00 as listed under the FCRA, pursuant to 15 U.S.C. §1681n (a)(1)(A) or in the alternative for negligent conduct pursuant to 15 U.S.C. §16810,
3. If the Court allows, award punitive damages as provided under the FCRA, pursuant to 15 U.S.C. §1681n (a)(2),
4. Award any attorney's fees and costs pursuant to 15 U.S.C. §1681n (a) (3),
5. Other damages as allowed by the court.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

1. Trans Union's reports concerning Plaintiff were true or substantially true.

2. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

3. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

4. Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

5. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

6. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

7. Plaintiff's state law and common law claims are pre-empted, in whole or in part, by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date: March 13, 2026

Respectfully submitted,

*/s/ Hope Blankenberger*

Camille R. Nicodemus, Esq.
Hope Blankenberger, Esq.
IN #38133-49)
(admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: 317-497-5600, Ext. 601 & 614
Fax: 317-899-9348
E-Mail: cnicodemus@qslwm.com
E-Mail: hblankenberger@qslwm.com

*Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **13th day of March, 2026**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| **Pro Se Plaintiff**<br>Jarrett R. Jenkins<br>jrobertjenkins@gmail.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **13th day of March, 2026**, properly addressed as follows:

| | |
|---|---|
| None. | |

*/s/ Hope Blankenberger*
Camille R. Nicodemus, Esq.
Hope Blankenberger, Esq.
IN #38133-49)
(admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: 317-497-5600, Ext. 601 & 614
Fax: 317-899-9348
E-Mail: cnicodemus@qslwm.com
E-Mail: hblankenberger@qslwm.com

*Counsel for Defendant Trans Union LLC*