QSLWM

Quilling, Selander, Lownds,
Winslett & Moser, P.C.

November 16, 2026 **VIA ECF**
Honorable Judge Natasha C. Merle
U.S. District Court
225 Cadman Plaza East
Courtroom 2F North
Brooklyn, NY 11201

***Re:*** ***Jarrett Jenkins v. Trans Union LLC***
U.S. District Court for the Eastern District of New York
Case No. 2:25-cv-06226-NCM-ST

Dear Judge Merle:

Pursuant to Your Honor's Individual Rules of Practice, Defendant Trans Union LLC ("Trans Union"), respectfully requests a pre-motion conference on its proposed Motion for Summary Judgment on Plaintiff Jarrett Jenkins' ("Plaintiff's") Complaint – in this 4th lawsuit he has filed against Trans Union alleging claims under the Fair Credit Reporting Act ("FCRA") – for failure to state a claim as a matter of law. In this case, Plaintiff alleges that the entity Dedicated Financial GBC ("Dedicated") purportedly obtained his credit report without a permissible purpose under the FCRA but has not named Dedicated in this lawsuit. Plaintiff contends that Trans Union violated the FCRA by failing to maintain reasonable procedures for disseminating consumer reports for a permissible purpose pursuant to 15 U.S.C. § 1681e(a).

## I. LEGAL ARGUMENT

**Plaintiff's Claim That Trans Union Provided Dedicated With A Copy Of Plaintiff's Consumer Report Without A Permissible Purpose Fails Because Plaintiff Has Offered No Evidence, As Required, That Trans Union's Procedures Did Not Comply With The FCRA Because He Does Not Allege And Cannot Allege That Trans Union Had Any Reason To Believe Dedicated Did Not Have A Permissible Purpose**

Plaintiff's claim that Trans Union violated the FCRA 15 U.S.C. § 1681e(a) because it provided Dedicated with a copy of his consumer report fails. The FCRA requires consumer reporting agencies to limit the furnishing of consumer reports "to certain statutorily enumerated purposes." *See TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001) (internal quotation omitted). "Section 1681e(a) requires that consumer reporting agencies 'maintain reasonable procedures ... to limit the furnishing of consumer reports to the purposes listed under [section 1681b].'" *See Neclerio v. Trans Union, LLC*, 983 F.Supp.2d 199, 220 (D.Conn., 2013) (*quoting* 15 U.S.C. § 1681e(a)). § 1681b identifies those statutorily enumerated purposes, referred to as permissible purposes. The FCRA permits consumer reporting agencies like TransUnion to provide "consumer reports" to third-party customers (or subscribers) for specifically delineated permissible purposes. *15 U.S.C. § 1681b.* Permissible purposes include the account reviews and collection of an account. *Id.* This provision

allows a debt collector to access an individual's credit report when collecting debt. *See Edge v. Pro. Claims Bureau, Inc.*, 64 F. Supp. 2d 115, 118 (E.D.N.Y. 1999), aff'd, 234 F.3d 1261 (2d Cir. 2000) (because debt collector "sought the information in the collection of a credit transaction involving Plaintiff" it "clearly [had a] permissible purpose under Section 1681b(3)(A)."); *McChriston v. Diversified Consultants*, 2019 WL 2912172, at *1 (S.D.N.Y. July 8, 2019); *Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 170 (S.D.N.Y. 2014).

As is relevant here, a CRA may provide a consumer report to an individual or entity it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer[.]" *15 U.S.C. § 1681b(a)(3)(A).* Trans Union cannot be liable under the FCRA for furnishing a consumer report to an entity it has reason to believe will use the information for one of the several permissible purposes. *See Hines v. Equifax Information Services LLC*, 2024 WL 4132333, at *5 (E.D.N.Y., 2024) (citing to FCRA §1681b). Therefore, what matters is not whether the recipient of the report ultimately had a permissible purpose, but whether the CRA had reason to believe the recipient had a permissible purpose. '"Conversely, a showing of a permissible purpose is a complete defense. The question of whether a report has been obtained for a permissible purpose is a legal one, which can be resolved on summary judgment." *See McChriston,* 2019 WL 4418580, at *3 (internal quotation omitted) (*quoting Stonehart v. Rosenthal*, 2001 WL 910771, at *3 (S.D.N.Y. Aug. 13, 2001). Dedicated, a debt collector, certified to Trans Union that it would only request consumer files if it had a permissible purpose, specifically for debt collection. There is no reason to believe that Dedicated did not have a permissible purpose to request Plaintiff's file when it made the inquiry, nor has Plaintiff produced any evidence of such. Accordingly, Trans Union was entitled as a matter of law to believe Dedicated had a permissible purpose. *See Boothe v. TRW Credit Data*, 557 F.Supp. 66, 71 (D.C.N.Y.,1982) ("In short, [subscriber's] primary business purpose and its certification to [a credit reporting agency] constituted sufficient 'reason to believe' on the part of [credit reporting agency] that [subscriber] had a legitimate business need for the report requested."); *see also Grenier v. Equifax Credit Information Services*, 892 F.Supp. 57, 59 (D.Conn., 1995). Since Plaintiff has failed to provide any evidence beyond his own unsupported speculation that no permissible purpose existed for Dedicated to obtain his credit file, he cannot succeed on his claim against Trans Union and Trans Union is entitled to summary judgment on his claim.

Plaintiff has failed to provide any evidence related to Trans Union's procedures. Absent evidence that Trans Union failed maintain reasonable procedures, Plaintiff's claim fails as a matter of law. *See Feliciano v. CoreLogic Rental Property Solutions, LLC*, 332 F.R.D. 98, 105 (S.D.N.Y. 2019) ("liability does not attach unless 'the agency failed to follow reasonable procedures in generating the inaccurate report'") (quoting *Wenning v. On-Site Manager, Inc.*, No. 14-cv-9693, 2016 WL 3538379, at *8 (S.D.N.Y. 2016)); *Ogbon v. Beneficial Credit Servs.*, Inc., No. 13-cv-3760, 2013 WL 1430467, at *7 (S.D.N.Y. 2013) (granting summary judgment on Section 1681e(b) claim where defendant "detailed ... the procedures [it] utilize[d] to ensure the accuracy of their credit reports" and plaintiff "adduced no evidence to suggest that ... defendant failed to follow reasonable procedures in preparing her credit report"). Defendants' Rule 56.1 Statement provides evidence that Trans Union had numerous procedures in place to ensure that it only furnished credit reports for a

permissible purpose, including the entering into written contracts with creditors, and that such procedures, and such a contract with Dedicated, were in place here.

**Plaintiff's Claim Fails Because Plaintiff Has Not Provided Any Evidence Of Damages, As Required**

Even if Plaintiff could show that Dedicated did not have permissible purpose to access his report, and that Trans Union did not maintain reasonable procedures to ensure it would not provide a consumer report without a permissible purpose, which he has not and cannot, Plaintiff's claim would still fail because the evidence establishes that Plaintiff has not suffered any actual damages caused by Defendants' alleged conduct: two required elements of the claims. *See Burns v. Bank of Am*., 655 F.Supp.2d 240, 251 (S.D.N.Y. 2008), aff'd, 360 F.App'x 255 (2d Cir. 2010); *Ramirez v. Verizon Comms., Inc.,* No. 13-cv-6000, 2015 WL 917531, at *3 (S.D.N.Y. 2015). Plaintiff has not provided any denial letters and even if Plaintiff was able to, account review inquiries such as the Dedicated inquiry have no bearing on Plaintiff's creditworthiness and thus, cannot negatively affect the Plaintiff's credit opportunities. *See Rosenberg v. LoanDepot, Inc.,* 2023 WL 1866871, at *4 (S.D.N.Y., 2023) (*citing Krausz v. loanDepot.com, LLC*, No. 22-CV-00152, 2022 WL 16960928, at *3 (S.D.N.Y. Nov. 16, 2022)) ("Because these soft [account review ] pulls have no impact on credit, Plaintiff is unable to show that she '"suffered an actual credit denial, reputational harm, or any other concrete adverse consequences."' As such, Plaintiff has no evidence of causation. *See Suluki v. Credit One Bank, NA*, 138 F.4th 709, 724 (2d Cir. 2025) (affirming grant of summary judgment where plaintiff failed to show causation between the harm alleged and defendants' alleged FCRA violations). Also, Plaintiff's emotional distress claim is unsupported by evidence beyond his own testimony, as he has provided no medical records, witness statements, or other documentation linking Trans Union's alleged FCRA violations to his distress. Courts in this District have rejected Plaintiffs relying solely on their own testimony as support for emotional distress. *See Mateo v. Equifax Information Services LLC*, 2024 WL 3345690, at *9 (E.D.N.Y., 2024), <u>report and recommendation adopted,</u> No. 22-CV-03560 (JMA) (SIL), 2024 WL 3344487 (E.D.N.Y. July 9, 2024) (internal quotation marks omitted) (granting summary judgment for defendant where evidence of damages was limited to plaintiffs' deposition testimony); *Caltabiano v. BSB Bank & Tr. Co.,* 387 F. Supp. 2d 135, 142 (E.D.N.Y. 2005) (granting summary judgment for defendants because actual injury cannot be based on plaintiff's "subjective testimony alone"). Plaintiff also has not and cannot meet his burden to demonstrate that he was emotionally harmed by an account review inquiry that is not available for viewing by third-parties and/or creditors. *See Suluki at* 724 (2d Cir. 2025).

**Plaintiff Cannot Recover Statutory Or Punitive Damages Because Plaintiff Has Not Provided Any Evidence Of Willful Violation Of The FCRA**

Like so many other FCRA cases, the Plaintiff here tacked on a willful violation claim, but at the close of discovery, does not have any evidence whatsoever to support such a claim pursuant to *Safeco Ins.Co. of Am. v. Burr,* 551 U.S. 47, 69 (2007). That is, as will be shown on summary judgment, Plaintiff cannot show that Defendants acted with the requisite intent in reckless disregard of his rights. For the foregoing reasons, Defendants respectfully request permission to file a motion for summary judgment.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.

HB/mp
cc: Counsel and parties of record, via ECF
and/or U.S. Mail